**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMRIT SINGH,<br><br>                     Petitioner,<br><br>     v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                     Respondent. | No. 13-73493<br><br>Agency No. A200-941-497<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2016
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

1. The Board of Immigration Appeals (the "Board") denied Singh's

application for asylum on the grounds that he had not shown past persecution by

forces the government was "unable or unwilling to control." Knezevic v. Ashcroft,

367 F.3d 1206, 1211 (9th Cir. 2004). "[A]ny reasonable factfinder would have

been compelled" to conclude the Board was wrong. Lolong v. Gonzales, 484 F.3d

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1173, 1178 (9th Cir. 2007) (en banc); see also 8 U.S.C. § 1252(b)(4)(B). Singh sought protection from the police after the first time he was beaten. But once the police learned that his attackers were with the Congress Party, they warned him to stop espousing his political views and failed to further investigate. Singh's allegations regarding the police are buttressed by numerous statements by his family and friends that the Board failed to discuss. It thus would have been pointless for Singh to seek the police's help after his second beating. See Rahimzadeh v. Holder, 613 F.3d 916, 921–22 (9th Cir. 2010); Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1058 (9th Cir. 2006). The record compels the conclusion that the police were not willing to protect Singh, so the Board's finding that Singh did not show past persecution was not supported by substantial evidence.

Past persecution creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). The government may rebut that presumption by showing the petitioner could reasonably relocate elsewhere in the petitioner's country of nationality. 8 C.F.R. § 1208.13(b)(1), (b)(3). Here, the Board only concluded there was an absence of evidence that Singh would be harmed elsewhere in India. The government produced no evidence that showed Singh could reasonably

relocate elsewhere. Further, requiring Singh to demonstrate he would be harmed elsewhere in the country improperly shifted the government's burden to Singh. The Board's conclusion based on the absence of evidence was legal error.

We grant Singh's petition for review and remand to the Board to determine whether Singh could reasonably relocate to another part of India.

2. The same legal errors apply to Singh's claim for withholding of removal. We grant his petition for review in part and remand for the Board to appropriately determine whether Singh could reasonably relocate.

3. We deny Singh's petition for review as to his claim under the Convention Against Torture. In cases where petitioners suffered similar persecution as Singh did here, we have held that the petitioners were not more likely than not to be "tortured" upon return. See Vitug v. Holder, 723 F.3d 1056, 1064–66 (9th Cir. 2013); Ahmed v. Keisler, 504 F.3d 1183, 1200–01 (9th Cir. 2007); see also 8 C.F.R. § 1208.18(a).

**PETITION GRANTED IN PART, DENIED IN PART, AND**

**REMANDED.  COSTS ARE AWARDED IN FAVOR OF SINGH.**